UNITED STATES DISTRICT COURT

for the Eastern District of Louisiana

| | |
|---|---|
| Robert Lee Murray, Plaintiff | Civil Action No. |
| Versus | Judge: |
| Ryder System, Inc. | Magistrate: |

COMPLAINT

1

Robert Lee Murray, Plaintiff, hereafter referred to as "Murray," is a competent, adult African-American man domiciled and residing in New Orleans, Louisiana.  He was born in 1957.  He suffers from prostate issues which sometimes require emergency bathroom visits.

2

Murray has been a loyal employee of Ryder Transportation and Logistics, a/k/a Ryder System, Inc., hereafter referred to collectively and alternatively as "Ryder," as a transfer driver since March 2011.

3

Federal question jurisdiction is invoked herein under Sec. 704(A) of Title VII of the Civil Rights Act (CRA) of 1964, Sec. 4(D) of the Age Discrimination in Employment Act (ADEA), Sec. 503(A) of the Americans with Disabilities Act (ADA), and such other ancillary, related or affiliated statutes as are appropriate.

3

On Saturday, January 18, 2014, at approximately 8 a.m., during the course and scope of his employment, Murray was dispatched from his domiciled location (New Orleans) to retrieve tractor number 620182 from Ryder's Baton Rouge facility along with contracted driver Mr. Anthony Varnado.  Upon arrival in Baton Rouge, Murray had an urgent need to use the restroom facility.  He was told by counter representative Mr. Craig Yantes that both employee restrooms were locked and to ask his supervisor Mr. William Dunkle for a key.  Murray identified himself

to Mr. Dunkle as a Ryder driver and requested a bathroom key.  Mr. Dunkle replied that restroom facilities were only available to Ryder employees based at the Baton Rouge facility.  After stressing his urgent need to go to the restroom and imploring Mr. Dunkle to give him the key due to the emergency nature of the situation, Mr. Dunkle refused to do so, restating company policy.  Murray's prostate condition and prescription medication sometimes bring on severe diarrhea and stomach pains.  Mr. Dunkle's refusal to allow Murray to use the restroom facilities resulted in Murray urinating and defecating on himself, causing him great pain, humiliation and embarrassment due to his barbaric and inhumane treatment in the workplace.  Murray viewed his treatment as reckless and inappropriate.  Murray had to drive away from Ryder's Baton Roughe facility to another location to refresh and deodorize himself.  At his earliest opportunity, he reported the incident to his supervisor, Mr. Sean Russell and to his dispatcher, Mr. Matthew Moore.

4

Both Mr. Dunkle and Mr. Yantes, as well as a majority of the workers at Ryder's Baton Rouge facility are of the Caucasian race.  Upon reflection, Murray cannot but wonder if their actions were a result of deep-seated racism against African-Americans similar to the actions he recalls his father telling him about segregated bathrooms and water fountains in the 1950s and 1960s.  Ryder and its employees (Dunkle and Yantes) refused to make a reasonable workplace accommodation to permit Murray to use the restroom due to the emergency nature of the situation.  Since Murray is over the age of forty-five (45), he suspects Ryder may also have an age-related bias against him in order to replace him and older workers with younger ones.

5

On January 29, 2014, Murray was "written up" for inappropriate and aggressive behavior in regard to the above incident and banned from entering Ryder's Baton Rouge facility.  This retaliatory action by Ryder has effectively foreclosed Murray from driving to all points west of Baton Rouge, Ryder's hub, thereby cutting his hours and substantially reducing his compensation.  On July 19, 2014, Murray was denied the minimum guaranteed four hours for a driving job which he was previously receiving.  This revocation of the four-hour guarantee is further evidence of Ryder's retaliation against Murray for complaining that his rights were violated.

6

On July 18, 2014, Murray was dispatched to drive a truck in need of repair to Stuart Stevenson Truck Repair on Destrehan Avenue in Harvey, Louisiana.  Around 12 noon on that date, Murray was driving the truck, unit number 727, from the Ryder premises in New Orleans when he notice the dashboard warning light that the truck was "running hot" about the half-way point of the trip.  The truck shut down, and Murray was able to move it from expressway traffic to the nearest safe location in a Wendy's Restaurant parking lot, where it came to a stop in a handicapped parking zone.  After waiting about five (5) minutes for the engine to cool, Murray restarted the truck and proceeded to the repair shop.  Once there, Dave, the shop manager, told Murray that he knew the truck was running hot and that it could not go over twenty (20) m.p.h.  Someone muse have called the "1-800" number on the rear of the truck to report that it was parked in one of the many handicapped parking places at the Wendy's location.  As further retaliation, Ryder terminated Murray from employment for taking excessive time to deliver the truck and for parking in a handicapped zone.

7

In attempts to settle this complaint on an amicable basis, Murray's prior attorney Anundra Martin, sent a demand letter to Heather Gatley, AGC, GL&E, Ryder System, Inc. dated July 8, 2014.  On Feb. 5, 2014, Murray's charge of discrimination was received by the Equal Employment Opportunity Commission (Charge No. 461-2014-00625).  After investigation, Murray received his "Notice of Right to Sue" letter dated June 23, 2015.  Murray filed a complaint with the Occupational Safety and Health Administration (OSHA), Case No. 870528.  The result of its investigation is unknown.  He filed letters to Ryder's Human Relations department on Jan. 21, 2014, March 10, 2014 and March 14, 2014, which letters were ignored.  He sent numerous letters to Ms. Cortney at the Louisiana Commission on Human Rights to no avail.

      WHEREFORE, Murray seeks damages for lost past and future salary, mental anguish, pain and suffering, reinstatement of employment on the same basis as before the first incident listed herein, court costs, expenses, and attorney fees and other such damages as this court deems meet and proper.  Murray also requests to proceed with this complaint "in forma pauperis" in accordance with the Equal Access to Justice Act and affiliated statutes.

Respectfully submitted:


/s/ Stephen N. Chesnut

Attorney for Plaintiff (LSBA# 19309)

1413 Chartres Street, Suite A

New Orleans, Louisiana 70116

Telephone: (504) 945-9000

Email: stephennchesnut@gmail.com


Summons via FRCP 4(d)